IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BUDDIE A. WILKERSON,<br><br>                 Plaintiff,<br><br>v.<br><br>STATE OF UTAH, GATEWAY, and CITY CREEK,<br><br>                 Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-00666-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

*Pro se* Plaintiff Buddie Wilkerson, proceeding *in forma pauperis*, filed his Complaint against the State of Utah, Gateway, and City Creek (collectively, "Defendants") on July 18, 2013.[1] District Judge David Nuffer referred this case to Magistrate Judge Evelyn Furse, who subsequently recused. This matter was then reassigned to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the Court is Mr. Wilkerson's Motion for Service of Process[3] and a Motion to Amend his Complaint to add defendants.[4]

The Court has carefully considered these Motions and Mr. Wilkerson's Complaint. Upon doing so, the undersigned recommends this case be dismissed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(ii), because Mr. Wilkerson's Complaint fails to state a claim upon which this Court may grant relief.

---

[1] Docket no. 3.
[2] Docket no. 8.
[3] Docket no. 4.
[4] Docket no. 7.

-1-

**DISCUSSION**

This Court granted Mr. Wilkerson leave to file his Complaint pursuant to 28 U.S.C. § 1915 (the *in forma pauperis* statute).[5] The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that [the Complaint] fails to state a claim on which relief may be granted."[6] When the Court considers whether a complaint fails to state a claim under § 1915, the Court applies the same standard as on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[7]

To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[8] There are two working principles under this standard. First, "'a court must accept as true all of the allegations contained in a complaint,'" but it need not accept legal conclusions.[9] Thus, labels and conclusions are insufficient. Instead, a plaintiff must set forth specific factual allegations to support each claim. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[10] In essence a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[11] "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts,

---

[5] Docket no. 2.
[6] 28 U.S.C. § 1915(e)(2)(B)(ii).
[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").
[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[10] *Iqbal*, 556 U.S. at 679.
[11] *Twombly*, 550 U.S. at 555.
[12] *Iqbal*, 556 U.S. at 679.

and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable.

Mr. Wilkerson is acting *pro se*. The Court therefore construes his pleadings liberally.[13] Even under this broad standard Mr. Wilkerson's Complaint fails to state a claim on which this Court may grant relief. Mr. Wilkerson's Complaint identifies 42 U.S.C. § 1985 as the source of this Court's jurisdiction.[14] Because Mr. Wilkerson clearly does not allege any elements of a claim under 42 U.S.C. § 1985(1) or § 1985(2), the Court construes Mr. Wilkerson's Complaint to allege a violation of § 1985(3).[15] "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[16] Mr. Wilkerson's Complaint fails to meet these elements.

First, Mr. Wilkerson does not sufficiently allege a conspiracy. A plaintiff alleging a § 1985 conspiracy may not rest on conclusory allegations.[17] Rather, "'[i]n pleading conspiracy, a plaintiff must allege specific facts showing agreement and concerted action among the alleged co-conspirators. . . . Thus, a plaintiff fails to state a claim for conspiracy absent specific facts showing a "meeting of the minds" among the alleged co-conspirators.'"[18]

Here, Mr. Wilkerson alleges Utah has allowed "private sector security people employed by City Creek complex and or Gateway mall to patrol public sidewalks which are not their

---

[13] *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted).
[14] Complaint p. 1, docket no. 3.
[15] *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1272 (10th Cir. 1989) (construing complaint to allege violation of § 1985(3)).
[16] *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).
[17] *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (citation omitted); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992) (unpublished) (citing *Durre*, 869 F.2d at 545) (noting § 1985 plaintiffs "may not rely on a conclusory allegation of conspiracy, but must allege specific facts showing the elements of a § 1985 conspiracy").
[18] *Kartiganer v. Juab Cnty.*, No. 2:10–CV–842, 2011 WL 4916601, at *2 (D. Utah Oct. 17, 2011) (citing *Marino v. Mayger*, 118 F. App'x 393, 405 (10th Cir. 2004)).

jurisdiction, but the jurisdiction of Salt Lake City Police."[19] Mr. Wilkerson then alleges these institutions' security forces have harassed him and banned him from the premises, among other things. "[Mr. Wilkerson's] allegations say nothing that can be construed to support a meeting of the minds, let alone constitute the required 'specific facts.'"[20] Accordingly, Mr. Wilkerson's Complaint does not sufficiently allege a conspiracy and his § 1985(3) claim therefore fails.[21]

Additionally, a section 1985(3) claim "does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[22] "In other words, '[i]n order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the [protected] class.'"[23]

Mr. Wilkerson's Complaint does not allege that he belongs to any protected class. Neither does his Complaint allege a discriminatory motive of the Defendants. Mr. Wilkerson's Complaint therefore fails to state a claim for relief under § 1985(3).[24]

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that this case be dismissed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(ii), because Mr. Wilkerson's Complaint fails to state a claim on which this Court may grant relief.[25]

---

[19] Docket no. 3-1 p. 1.
[20] *Kartiganer*, 2011 WL 4916601, at *2.
[21] Because Mr. Wilkerson fails to adequately allege a conspiracy, his Complaint would also fail to state a claim if this Court liberally construed it as alleging a § 1983 conspiracy claim. *See* Durre, 869 F.2d at 545 (noting § 1983 conspiracy claims require plaintiffs to "allege specific facts showing agreement and concerted action among defendants"); *Marino*, 118 F. App'x at 405 (same).
[22] *Tilton*, 6 F.3d at 686 (quoting *Griffin*, 403 U.S. at 101–02).
[23] *Yaklich v. Grand Cnty.*, 278 F. App'x 797, 802 (10th Cir. 2008) (quoting *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 746 (10th Cir. 1980)).
[24] *See Singh v. Coffee Garden*, No. 2:04–CV–910 TS, 2006 WL 978719, at *1–2 (D. Utah Apr. 12, 2006) (dismissing § 1985(3) claim where complaint was "devoid of any allegations of racial or class-based discriminatory animus").

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[26] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1 November 2013.

Brooke C. Wells
United States Magistrate Judge

---

[25] The Court notes that often *pro se* litigants are given an opportunity to amend their complaint. But such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). Such is the case here.
[26] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).
[27] *Id.*